United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIE ENCAR ARNOLD,

Plaintiff,

v.

NEW YORK LIFE INSURANCE COMPANY,

Defendant.

Case No.  24-cv-06941-EKL

**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Re: Dkt. No. 50

Plaintiff Marie Encar Arnold brings this breach of contract and fraud action against Defendant New York Life Insurance Co. based on events that took place between 2015 and 2019. Before the Court is Defendant's motion to dismiss the second amended complaint.  Mot. to Dismiss, ECF No. 50 ("Mot.").[1]  Having reviewed and considered the relevant filings in this matter, the Court GRANTS the motion to dismiss without leave to amend.

I.      **BACKGROUND**[2]

Plaintiff is, or was, the policyholder of three life insurance policies naming her children as beneficiaries ("Policies").  Second Am. Compl. at 4, ECF No. 49 ("SAC").[3]  Plaintiff alleges that she entered a "binding contractual agreement" with Defendant on June 8, 2015.  *Id.*  In 2017, Plaintiff demanded that Defendant pay her the $50,000 face value of each of the Policies.  *Id.* at 5. Defendant allegedly "breached the contract" by refusing payments, allowing or causing the

---

[1] In its discretion, the Court finds this motion suitable for resolution without oral argument.  Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b).

[2] The facts are taken from the operative complaint and assumed to be true for purposes of this motion.

[3] Because the complaint and exhibits filed by Plaintiff are not consistently paginated, the Court refers to the ECF header page numbers for the sake of clarity when citing Plaintiff's court filings.

United States District Court
Northern District of California

Policies to lapse, and canceling or refusing to renew the Policies. *Id*. at 4-5. Plaintiff further alleges that Defendant breached the implied covenant of good faith and fair dealing in 2017 by "sending a denial correspondence letter," which seemingly rejected her request for payment under the Policies. *Id.* at 13-14. On June 13, 2019, Defendant allegedly committed fraud by "lapsing the . . . return bill payment." *Id.* at 17.

On June 10, 2024, Plaintiff filed a complaint in Santa Clara County Superior Court. Notice of Removal Ex. A, ECF No. 1 ("Compl."). On October 3, 2024, Defendant removed this action based on diversity jurisdiction. ECF No. 1. On October 10, 2024, Plaintiff moved to remand, ECF No. 9, and Defendant moved to dismiss the complaint for failure to state a claim, ECF No. 12. On February 13, 2025, the Court denied the motion to remand, ECF No. 29, and granted Defendant's motion to dismiss with leave to amend, finding that the complaint did not comply with Federal Rule of Civil Procedure 8, ECF No. 30 at 3. On March 7, 2025, Plaintiff filed an amended complaint. First Am. Compl., ECF No. 32. On June 24, 2025, the Court granted Defendant's motion to dismiss with leave to amend, concluding that the amended complaint did not comply with Rule 8, and observing that Plaintiff's claims "are likely barred by the applicable statute of limitations."[4] ECF No. 48 at 3-4 ("Second MTD Order"). On July 8, 2025, Plaintiff filed a second amended complaint, which Defendant now moves to dismiss.

In the second amended complaint, Plaintiff reasserts her claims for breach of contract and breach of the implied covenant of good faith and fair dealing and adds a claim for fraud. To address the timeliness of her claims, Plaintiff reasserts tolling of the statutes of limitations pursuant to California Code of Civil Procedure section 352.[5]

---

[4] Plaintiff asserted claims for negligent infliction of emotional distress and violation of 7 U.S.C. § 6b in her first amended complaint, ECF No. 32, which the Court dismissed with leave to amend, ECF No. 48. Plaintiff has not reasserted these claims in the second amended complaint.

[5] Plaintiff also asserts tolling based on the delayed discovery rule and fraudulent concealment. Because the Court finds that Plaintiff adequately alleges tolling under section 352, the Court does not address Plaintiff's other tolling arguments.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To comply with Rule 8, the complaint "must give fair notice and state the elements of the claim plainly and succinctly." *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (citation omitted) (cleaned up); *see also Park v. Lehman Bros. Bank, FSB*, 694 F. App'x 602, 603 (9th Cir. 2017) (citing *Jones*, 733 F.2d at 649). "A complaint that is 'needlessly long, or . . . highly repetitious, or confused, or consisting of incomprehensible rambling' violates Rule 8." *Hobbs v. M3 Eng'g & Tech. Corp.*, No. CV-22-00290, 2023 WL 3687789, at *1 (D. Ariz. May 26, 2023) (quoting *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011)).

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To avoid dismissal, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the pleaded facts allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For purposes of a Rule 12(b)(6) motion, the court generally "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, the court need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

## III.    DISCUSSION

Defendant moves to dismiss the operative complaint on the grounds that (1) Plaintiff's claims are barred by the applicable statutes of limitations, and tolling does not apply; and (2) Plaintiff has not cured the deficiencies identified in the Second MTD Order and fails to state a claim for relief. The Court finds that, even if Plaintiff has sufficiently alleged that the statutes of

United States District Court
Northern District of California

limitations on her claims should be tolled, her complaint must be dismissed for failure to state a claim.

### A. Timeliness of Plaintiff's Claims

"A motion to dismiss based on the running of the statute of limitations may be granted only if the assertions in the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996) (per curiam) (citing *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)). The statute of limitations for the breach of contract and breach of the implied covenant of good faith and fair dealing claims is four years. Cal. Civ. Proc. Code § 337 (providing four-year limitations period for actions "upon any contract, obligation or liability founded upon an instrument in writing"); *see also Frazier v. Metro. Life Ins. Co.*, 169 Cal. App. 3d 90, 102-03 (1985) (concluding that breach of the implied covenant of good faith and fair dealing claims based on written contract have a four-year statute of limitations). The statute of limitations for fraud claims is three years. Cal. Civ. Proc. Code § 338(d).

Plaintiff's claims are untimely. Plaintiff alleges that Defendant breached the implied covenant sometime in 2017, and last breached the Policies on June 13, 2019. *See* SAC at 9, 13. Based on these allegations, both claims accrued almost five years (or more) before Plaintiff filed her original complaint on June 10, 2024, rendering both untimely. *See* Compl. Taking into account tolling under California Judicial Council Emergency Rule 9, the statute of limitations for Plaintiff's breach of the implied covenant claim expired on June 27, 2022,[6] and the breach of contract claim expired on December 8, 2023. Cal. R. Ct. App. I, Emergency Rule 9 (suspending the statute of limitations from April 6, 2020, until October 1, 2020, due to the COVID-19 pandemic). Because the latest date that Plaintiff's fraud claim accrued was on June 13, 2019, applying Emergency Rule 9, the statute of limitations for this claim expired on December 8, 2022. *See* SAC at 17. Thus, all of Plaintiff's claims are time-barred absent tolling or other relief.

---

[6] Because Plaintiff does not specify a date in 2017, the Court assumes a December 31, 2017 accrual date for purposes of this analysis.

United States District Court
Northern District of California

The Court reviews the operative complaint to determine whether any statutory or equitable tolling provision applies.  In its prior order, the Court stated that, "[t]o the extent Plaintiff contends that tolling applies to save any untimely claims, any second amended complaint must allege facts showing the time and manner of her discovery of her claims and her inability to have discovered her claims earlier, despite reasonable diligence."  Second MTD Order at 5.

In the operative complaint, Plaintiff asserts that her claims were tolled under California Code of Civil Procedure section 352 due to a mental health-related disability.  *See* SAC at 6, 12, 16, 19-20.  Section 352 provides:  "If a person entitled to bring an action, . . . is, at the time the cause of action accrued . . . lacking the legal capacity to make decisions, the time of the disability is not part of the time limited for the commencement of the action."  Cal. Civ. Proc. Code § 352(a); *see, e.g.*, *Est. of Stern v. Tuscan Retreat, Inc.*, 725 Fed. App'x 518, 522 (9th Cir. 2018) ("[I]ncapacity must exist at the time the claims accrue, and tolling lasts only until the plaintiff regains capacity." (citations omitted)); *Alcott Rehab. Hosp. v. Super. Ct.*, 93 Cal. App. 4th 94, 101, 105 (2001) (holding that plaintiff's mental disability tolled statute of limitations on plaintiff's claims against health care facility under section 352).

Plaintiff alleges that she "is incompetent and lacks knowledge of legal at this time," noting that she is "on SSA Permanente disability 'hearing voices,' and chronic pains."  *See, e.g.*, SAC at 12.  She states that at the time of the events in the complaint, she was seeking medical help from psychologists and psychiatrists.  *See, e.g.*, *id.* at 12, 16.  As support, Plaintiff attaches to the complaint a letter dated March 5, 2018, from her psychiatrist at the Permanente Medical Group, Inc.  ECF No. 49-1 at 312.  The letter states:  "You have been diagnosed with schizophrenia and has been follow [sic] at Kaiser mental health since April 2015.  You have been treated with medication management, individual therapy and group therapy.  Your last follow[-up] was 2/15/18 and next appointment is 3/6/2018."  *Id.*  Plaintiff also alleges that she was "incompetent" during the events alleged in the complaint, and later notes "'hearing voices of annoyance,' depressed, . . . [and] psychosis[.]"  SAC at 20-21.

Reviewing these tolling allegations liberally as it is required to do at the pleading stage, the Court finds that Plaintiff has sufficiently pled that she lacked the legal capacity to make decisions

United States District Court
Northern District of California

in or around the time of the allegations in the complaint, including during the time that her claims accrued. *See Pisciotta*, 91 F.3d at 1331 (discussing "the required liberality" when reviewing the running of the statute of limitations on a motion to dismiss). Given that Plaintiff is self-represented, the Court finds these allegations sufficient for tolling under section 352 at this stage of the litigation. *See Sause v. Bauer*, 585 U.S. 957, 960 (2018) (pro se complaints construed liberally); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (same). Because section 352 tolling applies, the Court finds Plaintiff's claims are timely at this stage.

### B.      Failure to State a Claim

The Court next reviews each of Plaintiff's claims to determine whether they are sufficiently alleged based on Rule 12(b)(6). In doing so, the Court notes that Plaintiff's current complaint suffers from many of the same Rule 8 issues that were discussed in the Court's previous orders. Second MTD Order; Order Granting Mot. to Dismiss Compl., ECF No. 30. Although the complaint is now around 22 pages, the attached declaration and exhibits number hundreds of pages. The operative complaint contains confused, disjointed, and – at times – repetitive allegations, rather than "clear and concise statements." *McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996); *see also Hobbs*, 2023 WL 3687789, at *1 ("Rule 8 is a frequent barrier encountered by pro se litigants who file inordinately long complaints." (citation omitted)). With these deficiencies in mind, the Court proceeds to analyze Plaintiff's causes of action under Rule 12(b)(6).

### 1.      Breach of Contract

A breach of contract claim requires "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011) (citation omitted). A contract must be interpreted "to give effect to the mutual intention of the parties as it existed at the time of contracting." Cal. Civ. Code § 1636.

Here, Plaintiff fails to allege the third element – *i.e.*, Defendant's breach of the Policies. While Plaintiff asserts that Defendant rejected her insurance claims or caused her Policies to lapse, she does not allege – in a non-conclusory manner – how this conduct breached the Policies. *See*

SAC at 4-5, 10. The complaint does not identify any provision in the Policies that required Defendant to make the payments she seeks under these circumstances. Although Plaintiff cites generally to exhibits containing the alleged Policies, these exhibits are lengthy, and Plaintiff often does not provide specific page numbers or provisions. *See id.* at 9-11; *see also* ECF No. 49-1 (exhibits). In addition, the cited exhibits are, at times, presented in a disorganized manner. *See, e.g.*, ECF No. 49-1 at 26-27 (displaying page 24 of Ex. A followed by page 100 of Ex. B), 68 (containing two different sets of page numbers). Under these circumstances, the Court is unable to discern which provision(s) Plaintiff is referring to, if any, for purposes of her breach of contract claim.

In the instances where Plaintiff provides specific page numbers, the cited pages do not permit the Court to reasonably infer that Defendant breached the Policies. *See* SAC at 8-11. For example, Plaintiff alleges Defendant "committed a breach of contract of return of premiums ROP or Section Three - Premiums an [sic] NYLIC's contract . . . applying Cash Surrender Value when applying for a policy loan of the Cash Surrender Value of the policy or ROP." SAC at 10 (citing "[pg. # 28 Ex. A, 3.3] (Optional 1)"). Plaintiff's citation appears to refer to section 3.3 of policy number 24317671, one of the policies at issue. ECF No. 49-1 at 64. Section 3.3 provides the policy holder with three options for keeping her life insurance coverage in effect in the event premiums are not paid, if certain conditions are met. *Id.* However, Plaintiff does not allege that she met any of the conditions for any of these options to apply.[7] In light of the unsupported and conclusory allegations, the operative complaint does not allow the Court to reasonably infer that

---

[7] Plaintiff references "Optional 1" in the citation, which the Court assumes is a reference to option 1 under section 3.3 of the policy but there are no allegations regarding how Defendant breached this section. SAC at 10. Similarly, in the second amended complaint, Plaintiff cites to "[pg.# 30 EX. A, 4.1] and (pg. # 32, EX A, 4.2]." *Id.* at 8. This appears to be a citation to sections 4.1 and 4.2 of policy number 24317671. ECF No. 49-1 at 66, 68. Plaintiff asserts that Defendant breached sections 4.1 and 4.2 by not fulfilling its duties to "review all bank transactions (Premiums) and verify" and by not "following their book the policy [sic] of . . . Cash Surrender Value of the policy loan or ROP." SAC at 8. Section 4.1 defines the "Cash Surrender Value" and the process for obtaining it (among other things), while section 4.2 addresses the "Policy Loan Value" and the conditions for borrowing from the policy. ECF No. 49-1 at 66, 68. However, neither section indicates that Defendant had the duties Plaintiff alleges it had. Thus, the Court cannot conclude that Plaintiff has adequately alleged that Defendant breached these provisions.

United States District Court
Northern District of California

Defendant breached the Policies. *Iqbal*, 556 U.S. at 678. Thus, the Court holds that Plaintiff fails to plausibly state a claim for breach of contract.

### 2.    Breach of the Covenant of Good Faith and Fair Dealing

Breach of the implied covenant of good faith and fair dealing requires "a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act[.]" *VFLA Eventco, LLC v. William Morris Endeavor Ent., LLC*, 100 Cal. App. 5th 287, 312-13 (2024) (quoting *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990)). "[B]reach of a specific provision of [a] contract is not a necessary prerequisite" for a breach of the implied covenant claim. *Carma Devs. (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 373 (1992) (citation omitted). However, "the scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract." *Id.* (collecting cases).

Here, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing fails for the same reason that the breach of contract claim fails. Plaintiff has not plausibly alleged that Defendant failed to discharge any contractual responsibility owed to Plaintiff. Although the complaint asserts that Defendant improperly rejected her insurance claims or caused her Policies to lapse, Plaintiff does not allege any facts permitting an inference that she was entitled to payment under the Policies or that Defendant caused her Policies to lapse, as opposed to her Policies lapsing based on nonpayment.[8] Therefore, Plaintiff has not alleged a plausible claim for breach of the implied covenant of good faith and fair dealing.

### 3.    Fraud

The elements of fraud include "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or scienter); (c) intent to defraud, *i.e.*, to induce reliance;

---

[8] Plaintiff attaches Exhibit D to her complaint, which indicates that Defendant sent her a letter, on April 4, 2019, requesting that she submit a new premium payment by April 18, 2019, because her bank returned the previous check she sent, and warning her that her policy may lapse if she does not submit the payment. ECF No. 49-1 at 308-09. Based on the operative complaint, the Court cannot determine whether Plaintiff ever made the requested payment or whether her policy lapsed due to nonpayment.

*United States District Court*
*Northern District of California*

(d) justifiable reliance; and (e) resulting damage." *Small v. Fritz Cos.*, 30 Cal. 4th 167, 173 (2003) (internal quotation marks omitted) (quoting *Lazar v. Super. Court*, 12 Cal. 4th 631, 638 (1996)). Fraud claims are subject to the heightened pleading requirement of Federal Rule of Civil Procedure 9(b). A complaint "must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018) (quoting *Cafasso*, 637 F.3d at 1055).

Plaintiff's allegations are insufficient to state a fraud claim. Plaintiff fails to allege all the elements of fraud, including a misrepresentation and knowledge of falsity. *Small*, 30 Cal. 4th at 173. Nor do Plaintiff's allegations satisfy Rule 9(b). The operative complaint does not identify any statement or representation Defendant made that was false or misleading, how Plaintiff received the false information, who provided the false information to her, and where the misrepresentation occurred. Accordingly, Plaintiff's fraud claim fails.[9]

## IV.   DISMISSAL IS WITHOUT LEAVE TO AMEND

The Court concludes that the complaint should be dismissed without leave to amend. In doing so, the Court considers factors such as "undue delay, bad faith or dilatory motive on the part of the [Plaintiff], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court also considers "the number of times the plaintiff has already been allowed to amend." *Schwartz v. Miller*, 153 F.4th 918, 932 (9th Cir. 2025).

Here, the Court finds that dismissal without leave to amend is appropriate because amendment would be futile. The Court previously granted leave to amend twice. *See* Second MTD Order at 5 (granting dismissal with leave to amend); Order Granting Mot. to Dismiss

---

[9] In the Second MTD Order, the Court specified that "Plaintiff shall not add any new causes of action without leave of court." Second MTD Order at 5. Plaintiff included her fraud cause of action in the operative complaint without obtaining leave of Court. This was improper and serves as an independent basis for dismissal of this cause of action.

United States District Court
Northern District of California

Compl. at 4 (same). Plaintiff has failed to cure the pleading deficiencies, indicating that further amendment would be futile. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), *as amended* (Feb. 10, 2009) (holding that failure to correct pleading deficiencies after dismissal is a "strong indication" that further amendment would be futile (quoting *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1098 (9th Cir. 2002))); *see also Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." (quoting *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996))). The Court also finds that leave to amend would be futile because Plaintiff's claims are legally deficient, and she has not asserted any other legal theory that could support a claim. *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 815 (9th Cir. 2020) ("If no amendment would allow the complaint to withstand dismissal as a matter of law, courts consider amendment futile." (citation omitted)); *Lamoon, Inc. v. Lamour Nail Prods., Inc.*, 373 F. App'x 795, 797 (9th Cir. 2010) (noting that, when a plaintiff's "claims have underlying legal deficiencies that cannot be cured, amendment would be futile").

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss all of Plaintiff's claims. Considering the Court has granted leave to amend twice before, and because further amendment would be futile, Plaintiff's complaint is DISMISSED with prejudice.

**IT IS SO ORDERED.**

Dated: January 28, 2026

_____
Eumi K. Lee
United States District Judge

United States District Court
Northern District of California